PER CURIAM.
¶1 G.W. Buckeridge and eighteen other named patients (collectively, "the Buckeridges")[1] of the University of Wisconsin Hospital and Clinics Authority UW Health (UW Health) appeal an order and a judgment that dismissed the Buckeridges' claims against UW Health and Kila Lucey. For the reasons set forth in this opinion, we affirm.
¶2 The Buckeridges' complaint alleges the following. Lucey is G.W. Buckeridge's ex-spouse and a former employee of UW Health. G.W. Buckeridge and the other named patients were all patients of UW Health at pertinent times. During Lucey's employment at UW Health, she accessed the patient health care records of G.W. Buckeridge and the other named patients without authorization or consent, and disclosed G.W. Buckeridge's medical information to a third party who was not authorized to receive the information. The complaint asserted causes of action by the Buckeridges: (1) against UW Health for failure to maintain confidentiality of medical information under WIS. STAT. § 146.82 (2017-18),[2] and (2) against UW Health and Lucey for invasion of privacy under WIS. STAT. § 995.50(2)(a).
¶3 Lucey and UW Health moved to dismiss the complaint for failure to state a claim. See Doe v. Archdiocese of Milwaukee , 211 Wis. 2d 312, 331, 565 N.W.2d 94 (1997). They argued that the complaint did not state a claim for failure to maintain confidentiality of healthcare records under WIS. STAT. § 146.82 because it did not allege disclosure of medical records outside UW Health. They argued that the complaint failed to state a claim for invasion of privacy under WIS. STAT. § 995.50(2)(a) because it did not allege intrusion into a "place." The circuit court dismissed all of the claims except for G.W. Buckeridge's individual claim against UW Health for failure to maintain confidentiality of medical information under § 146.82. The court explained that, as to G.W. Buckeridge, the complaint stated a claim under § 146.82 because it alleged that Lucey disclosed G.W. Buckeridge's medical information to a third party not authorized to receive it. The single remaining claim proceeded to summary judgment. At the conclusion of summary judgment proceedings, the court determined that the undisputed facts established that Lucey did not disclose G.W. Buckeridge's information outside UW Health and, alternatively, that UW Health was entitled to good-faith immunity. The circuit court then entered an order dismissing the final remaining claim as to G.W. Buckeridge. In these consolidated appeals, the Buckeridges challenge the circuit court decision that the complaint failed to state a claim because it did not allege disclosure of information or invasion of a private "place."[3]
¶4 The Buckeridges contend that UW Health violated the confidentiality statute, WIS. STAT. § 146.82, when it failed to prevent Lucey from accessing their patient medical records without authorization or consent. They argue that § 146.82 imposes liability on a health care provider for an employee's unauthorized access to patient health care records, regardless of whether there is subsequent disclosure. We conclude that our decision in Wall v. Pahl , 2016 WI App 71, ¶12, 371 Wis. 2d 716, 886 N.W.2d 373, compels a result contrary to the Buckeridges' position.
¶5 In Wall , we addressed whether " WIS. STAT. § 146.82, which prohibits the release of patient health care records except in specific circumstances enumerated in the statute" "appl[ies] to the dissemination of patient health care records from the organization holding the records to its own employees." Id. , ¶¶1, 21. Wall had filed a complaint against employees of a health care organization, arguing that they violated § 146.82 by accessing Wall's health care records without authorization or consent. Id. , ¶¶1, 3, 5-6. The circuit court dismissed Wall's claims, explaining that Wall did not state a claim under § 146.82 because he did not allege that the employees disclosed the medical records to others. Id. , ¶7.
¶6 We affirmed the circuit court's decision. Id. , ¶1. We began our analysis with the language of WIS. STAT. § 146.82, which provides: " 'All patient health care records shall remain confidential. Patient health care records may be released only to the persons designated in this section or to other persons with the informed consent of the patient or of a person authorized by the patient.' " Wall , 371 Wis. 2d 716, ¶10 (quoting § 146.82 ). Subsection two of the statute enumerates several situations in which patient health care records "shall be released upon request without informed consent." We explained that the dispute between the parties was whether Wall had stated a claim that the employees had "released" his information by accessing it. Id. , ¶11. Thus, we addressed whether "the statutory term 'release' requires disclosure of patient health care records or the information contained therein to someone outside the organization holding the records." Id.
¶7 We determined that "interpreting WIS. STAT. § 146.82 to apply to the dissemination of patient health care records from the organization holding the records to its own employees would assuredly lead to unreasonable results." Id. , ¶21. We explained that, under Wall's interpretation, health care organizations would be burdened with establishing "systems that either verified an employee's access was permissible each time he or she tried to access a patient record or required the employee to document his or her reasons for accessing a record each time he or she did so." Id. , ¶23. We stated: "Simply put, Wall's interpretation would 'place too unreasonable a burden' on health care organizations and their employees. We cannot fathom that the legislature intended to impose that type of burden when it enacted WIS. STAT. § 146.82." Id. (quoted source omitted). On this ground, we held that " § 146.82 does not apply when a health care organization's employee merely accesses a patient health care record, without disclosing any information from the record to anyone outside the organization." Id. , ¶26.
¶8 The Buckeridges argue that Wall is distinguishable because the issue there was whether the employees, not the health care organization, were liable under WIS. STAT. § 146.82. They assert that we did not decide in Wall whether a health care organization may be held liable under § 146.82 for unauthorized "release" of patient health care information to its employees. They argue that it follows that their claims here, against the health care organization, are not precluded by our holding in Wall . They also argue that Wall conflicts with the holding in Korntved v. Advanced Healthcare, S.C. , 2005 WI App 197, ¶15, 286 Wis. 2d 499, 704 N.W.2d 597, that an employee was acting outside the scope of her employment when she accessed medical records without authorization. They contend that if Lucey's unauthorized access to their records was outside the scope of her employment, then that access was a "release" outside the organization. We are not persuaded.
¶9 We held broadly in Wall that WIS. STAT. § 146.82 does not apply when a health care organization disseminates information among its own employees. Wall , 371 Wis. 2d 716, ¶21. Our holding was stated expansively in terms of claims against health care organizations or their employees. Id. , ¶23 (explaining that such claims " 'would place too unreasonable a burden' on health care organizations and their employees") (quoted source omitted). Moreover, we do not read Korntved as indicating that an employee is considered to be a party outside the organization when she accesses medical records by undertaking activity that is outside the scope of her employment. Rather, in Korntved , we held that the employer health care organization was not vicariously liable for its employee's acts when the acts were outside the scope of her employment. Korntved , 286 Wis. 2d 499, ¶¶1-2, 15. Here, the Buckeridges assert that UW Health is directly liable for Lucey's unauthorized access without subsequent disclosure, a claim that Wall plainly precludes. Because we are bound by our holding in Wall , we affirm the circuit court's decision that the Buckeridges' complaint did not state a claim under § 146.82.[4]
¶10 The Buckeridges also contend that Lucey and UW Health are liable for invasion of privacy under WIS. STAT. § 995.50(2)(a) for Lucey's accessing their patient health care records without authorization or consent. They assert that health care records are private "places" under § 995.50(2)(a). On this issue, we conclude that our decision in Hillman v. Columbia County , 164 Wis. 2d 376, 474 N.W.2d 913 (Ct. App. 1991), compels a result contrary to the Buckeridges' position.
¶11 Under WIS. STAT. § 995.50(2)(a), "invasion of privacy" is defined as: "Intrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass." In Hillman , 164 Wis. 2d at 384, 391-92, we held that jail employees did not violate § 995.50(2)(a) by opening an envelope containing an inmate's medical records and then disclosing the medical information to other inmates and staff. We held that a file of medical records did not constitute a "place" under § 995.50(2)(a) because "the plain meaning of 'a place' is geographical." Id. at 392.
¶12 The Buckeridges contend that Hillman is distinguishable because it involved an envelope in transit, while here the medical information was digital data stored on a computer system in a fixed location at UW Health. They contend that medical records stored on a computer system are more akin to a geographical place than an envelope in transit. They contend that this definition is in accord with the evolving jurisprudence regarding the invasion of privacy statute, citing Fischer v. Mt. Olive Lutheran Church, Inc. , 207 F. Supp. 2d 914, 928 (W.D. Wis. 2002) (concluding that the statutory term "place" was broad enough to encompass "a person's private belongings as long as the place these private belongings are intruded upon is one that a reasonable person would consider private").[5] We are not persuaded.
¶13 In Hillman , we interpreted the term "place" under the invasion of privacy statute as meaning "geographical" as opposed to a person's "private affairs or concerns." Hillman , 164 Wis. 2d at 392. Our decision in Hillman , not the federal court decision in Fischer , is binding. Because medical records stored on a health care organization's computer system are no more "geographical" than records contained in envelopes in transit, we affirm the circuit court's decision that the Buckeridges' complaint failed to state a claim under WIS. STAT. § 995.50(2)(a).
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

When G.W. Buckeridge is referenced in his individual capacity, he will be identified by his full name.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The circuit court's decision that the complaint failed to state a claim was final as to all of the patient plaintiffs except G.W. Buckeridge. Those patient plaintiffs appealed the circuit court's order dismissing their claims, and briefing in that appeal was completed while G.W. Buckeridge's single remaining claim was pending in the circuit court. After the circuit court granted summary judgment to UW Health on G.W. Buckeridge's single remaining claim, G.W. Buckeridge appealed. The Buckeridges moved to consolidate the appeals, informing us that G.W. Buckeridge was not raising any issues related to the circuit court's grant of summary judgment. This court has consolidated the appeals for briefing and disposition. Thus, the only issues before this court in these consolidated appeals arise from the circuit court's order dismissing the Buckeridges' claims for failure to state a claim as to either the confidentiality claims or the invasion of privacy claims, but not from the court's summary judgment decision.

The Buckeridges also urge us to limit or overrule Wall v. Pahl , 2016 WI App 71, ¶12, 371 Wis. 2d 716, 886 N.W.2d 373, asserting that Wall was wrongly decided. However, we may not deviate from our holding in Wall . Only the supreme court has the power to modify or overrule prior decisions by this court. See Cook v. Cook , 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997) ("[T]he court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals.").

In their reply brief, the Buckeridges also point out that Wis. Stat. § 995.50(3) directs that the right to privacy statute "shall be interpreted in accordance with the developing common law of privacy." They argue that this court should therefore give appropriate weight to the more recent ruling in Fischer v. Mt. Olive Luther Church, Inc. , 207 F. Supp. 2d 914, 928 (W.D. Wis. 2002). However, Hillman v. Columbia County , 164 Wis. 2d 376, 474 N.W.2d 913 (Ct. App. 1991), remains binding precedent to this court. See Cook , 208 Wis. 2d at 189. The Buckeridges posit that it may be time for the legislature or supreme court to reexamine Hillman in light of the changing nature of how private information is stored. As the Buckeridges also note, however, we are bound by Hillman whether or not we agree with its analysis. See Cook , 208 Wis. 2d at 189.